IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

       Plaintiff,

   Vs.                               No.  07-40153-01-SAC

MANUEL DE JESUS FIERROS-ALVAREZ,

       Defendant.


MEMORANDUM AND ORDER

       The case comes before the court on the sentencing of the
defendant on his conviction for possession with the intent to distribute more
than 500 grams of methamphetamine.  Because the defendant appears to
meet the safety valve criteria in 18 U.S.C. §  3553(f), the Presentence
Report (PSR) recommends a guideline range of 70 to 87 months without
regard to the ten-year mandatory minimum.  The PSR calculates a total
offense level of 27 [base offense level of 32 (U.S.S.G. § 2D1.1(c)(4)), a
two-level reduction for safety valve eligibility (U.S.S.G. § 2D1.1(b)(11)), and
a three-level reduction for acceptance of responsibility (U.S.S.G. § 3E1.1)].
The PSR addendum reflects two unresolved objections which the
defendant has argued as modified in his sentencing memorandum (Dk.
28).  The defendant objects to the denial of a minor role adjustment and to

the failure to recognize his lack of knowledge and family circumstances as warranting a variance.

**MINOR ROLE**

The mitigating role adjustment in U.S.S.G. § 3B1.2 "provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant."  U.S.S.G. § 3B1.2, comment. (n. 3(A)).  The determination whether a defendant is entitled to such a reduction is "heavily dependent upon the facts of the particular case." U.S.S.G. § 3B1.2, comment. (n. 3(c)).  The commentary to this guideline also explains that a defendant may still be eligible for a role adjustment even if he is being sentenced only for his limited personal involvement in a concerted criminal venture:

> For example, a defendant who is convicted of a drug trafficking offense, whose role in that offense was limited to transporting or storing drugs and who is accountable under § 1B1.3 only for the quantity of drugs the defendant personally transported or stored is not precluded from consideration for an adjustment under this guideline.

U.S.S.G. § 3B1.2, comment. (n. 3(A)).

The defendant does not earn a role reduction simply by being "the least culpable among several participants in a jointly undertaken criminal enterprise."  *United States v. Lockhart*, 37 F.3d 1451, 1455 (10th

2

Cir. 1994) (citing *United States v. Caruth*, 930 F.2d 811, 815 (10th Cir. 1991)).  The court compares a defendant's culpability not only with other actual participants in that crime but also with average participants in that kind of crime.  *Caruth*, 930 F.2d at 815.  Relative culpability cannot be weighed without evidence "of other participants and their role in the criminal activity."  *United States v. Sukiz-Grado*, 22 F.3d 1006, 1009 (10th Cir. 1994) (internal quotation marks omitted).  In short, a role reduction is appropriate only when the defendant is "substantially less culpable" than an average participant and is not required just because multiple participants with differing levels of culpability are involved. The burden of proving a minor role reduction rests with the defendant.  *See United States v. Onheiber*, 173 F.3d 1254, 1258 (10th Cir.1999).

        From the facts stated in the PSR and proffered in the defendant's sentencing memorandum, the court finds that the defendant is entitled to a minor role reduction.  The defendant describes his involvement in the offense of conviction as only the driver of a vehicle which contained drugs of a quantity unknown to him.  Just three months before his arrest, the defendant illegally entered the United States seeking work.  Two months later, he met an individual who offered him $1,000 to drive a car

from Oklahoma to Kansas City.  The defendant was taken to Oklahoma and given keys to a Nissan car sitting in a Wal-Mart parking lot.  The defendant also was provided with a cell phone and told that he would learn later where to deliver the drugs.  The defendant was to be paid upon delivery, and his compensation was not tied to the drugs being eventually distributed.  There is no evidence that the defendant was involved in planning the trip, packaging the drugs, purchasing the drugs, financing the operation, or negotiating the transaction.  Nor is there anything in the defendant's criminal history or in his post-arrest statement to indicate that he possessed any particular knowledge, experience, or contacts as to make his participation uniquely important to this delivery or uniquely different from a person having only a minor role in a drug trafficking conspiracy.  The court sustains the defendant's objection.

With the minor role adjustment, the guideline calculations change to a total offense level of 23 (base offense level of 30, U.S.S.G. § 2D1.1(a)(3) and (c)(4), less the two-level reduction for safety valve eligibility, U.S.S.G. § 2D1.1(b)(11), less the two-level reduction for minor role, U.S.S.G. § 3B1.2(a), and less the three-level reduction for acceptance of responsibility (U.S.S.G. § 3E1.1).  The resulting guideline range is 46 to

4

57 months.

## DOWNWARD VARIANCE

The defendant seeks a variance from the advisory guideline range on the basis of the circumstances of the offense and his personal characteristics.  The defendant admits knowing there was methamphetamine in the car he was driving but denies knowing the quantity of methamphetamine secreted in the car.  The defendant asks the court to consider that he has been married for twenty years and has four children.  His family lives in Mexico, and he illegally entered the United States only to find employment and support his family.  The defendant pledges he will not return to the United States.  Having no criminal history or prior arrests, the defendant argues that statistically he is presents a low risk of recidivism.  He asks for the court to reduce his sentence to a term of 37 months imprisonment.

The court overrules the defendant's objection to the PSR not identifying and discussing these circumstances as possible grounds for a variance.  The court will consider the defendant's statements and arguments in balancing all of the relevant § 3553(a) factors at the sentencing hearing.

IT IS THEREFORE ORDERED that the defendant's objection to the minor role reduction is granted and his objection to the possible grounds for a variance is overruled with the court to consider the defendant's arguments for a variance at the sentencing hearing.

Dated this 5th day of August, 2008, Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge